IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS BRADFORD SCHAULTS,<br>    Plaintiff, | )<br>)<br>) |
| v | ) 2:11-cv-1340<br>) |
| DAVID L. KUBIK<br> *and* FIDELITY BANK,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER OF COURT**

Pending before the Court is THE UNITED STATES' MOTION TO DISMISS (Document No. 5), with brief in support. Plaintiff Thomas Bradford Schaults ("Shaults") is pro se and admittedly "unschooled in law." Accordingly, the Court has not required Schaults to file a response. On December 1, 2011, Schaults filed a lengthy document entitled "Letter Rogatory," which the Court has reviewed.

Factual and Procedural Background

Schaults initiated this lawsuit by filing a complaint in the Court of Common Pleas of Allegheny County, Pennsylvania. Named as a defendant was Internal Revenue Service ("IRS") agent David L. Kubik, acting in his capacity as an IRS agent. Schaults alleges that on September 8, 2011 IRS agent Kubik imposed a 21-day levy to seize funds from an account maintained by Schaults at Fidelity Bank. Schaults seeks wide-ranging relief, including a return of the funds seized, recovery of assets and pledges relating to his ancestors, injunctive and equitable relief and declaratory judgment.

1

Because Schaults has sued Kubik in his official capacity as an IRS agent enforcing tax laws, the United States is the real party in interest. *Pilchesky v. United States*, 2008 WL 2550766 at * 3 (M.D. Pa. 2008) (citing *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985)). The complaint does not allege any specific conduct by Fidelity Bank, other than compliance with the IRS order. Accordingly, the United States is the proper defendant and is entitled to file the pending motion to dismiss the case. *Id*.

Legal Analysis

The United States contends that this lawsuit must be dismissed for two distinct reasons: (1) that this Court lacks subject-matter jurisdiction; and (2) that the complaint fails to state a claim upon which relief may be granted. The United States argues that this lawsuit is barred by the doctrine of "sovereign immunity"; by the Anti-Injunction Act, 26 U.S.C. § 7421, which prohibits suits to restrain the assessment or collection of taxes; and that Plaintiff's request for declaratory relief is barred by the exception to the Declaratory Judgment Act, 28 U.S.C. §2201(a), for suits seeking declaratory judgments with respect to taxes. The United States further argues that Schaults has not exhausted his administrative remedies and that a person may not file suit to seek a refund of taxes until he has first paid the full amount that the IRS has assessed as due.

This Court has a non-delegable duty to ensure that it may exercise jurisdiction, and therefore, it addresses that contention first. Suits against IRS employees in their official capacities are barred except to the extent that Congress has unequivocally consented to suit. *Pilchesky*, 2008 WL 2550766 at * 3 (citing *Upton v. I.R.S.*, 104 F.3d 543, 545 (2d Cir. 1997)).

In *Kleinpaste v. I.R.S.,* 83 A.F.T.R.2d 99-2565 (W.D. Pa. January 21, 1998), the Court held that it lacked subject-matter jurisdiction over a similar claim and explained:

> The United States has not waived sovereign immunity for tort claims "arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or any other law-enforcement officer." 28 U.S.C. § 2680(c). *See Weiner v. Internal Revenue Service*, 986 F.2d 12, 13 [71 AFTR 2d 93-984] (2d Cir. 1993); *Daniels v. Guthrie Clinic, Ltd.*, 1996 U.S. Dist. LEXIS 19571, Civ. No. 3:CV-96-0058, 1996 WL 806634 [79 AFTR 2d 97-389] (M.D. Pa. Dec. 27, 1996). Therefore, to the extent that Plaintiff's complaint against the United States is a tort claim relating to taxes, it is barred by the doctrine of sovereign immunity.

In *Kleinpaste*, the Court further explained that the plaintiff's requests for injunctive and declaratory relief were also barred:

> **Complaint Barred By Anti-Injunction Act**
>
> The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). The Supreme Court "has interpreted the principal purpose of this language to be the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference, "and to require that the legal right to the disputed sums be determined in a suit for refund."" *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 [33 AFTR 2d 74-1279], 40 L. Ed. 2d 496, 94 S. Ct. 2038 (1974) (*quoting Enochs v. Williams Packing and Navigation Co.*, 370 U.S. 1, 7 [9 AFTR 2d 1594], 8 L. Ed. 2d 292, 82 S. Ct. 1125 (1962)). *See also Weiner*, 986 F.2d 12 [71 AFTR 2d 93-984] at 13; *Flynn v. United States by and through Eggers*, 786 F.2d 586, 588 [57 AFTR 2d 86-1022] (3d Cir. 1986); *Birth v. United States*, 782 F. Supp. 289, 290-91 [69 AFTR 2d 92-887] (M.D. Pa. 1992). Thus, the Anti-Injunction Act prevents Plaintiff's suit to the extent that it requests injunctive relief.
>
> **Complaint Barred By Declaratory Judgment Act**
>
> The Declaratory Judgment Act provides that:
>
> In a case of actual controversy within its jurisdiction, except with respect to federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could

> be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.
>
> 28 U.S.C. § 2201(a). Thus, a suit for declaratory relief involving federal taxes is specifically exempted from the Declaratory Judgment Act. *See "Americans United", Inc. v. Walters*, 155 U.S. App. D.C. 284, 477 F.2d 1169, 1176 [31 AFTR 2d 73- 582] (D.C. Cir. 1973), *rev'd on other grounds*, 416 U.S. 752 [33 AFTR 2d 74- 1289], 40 L. Ed. 2d 518, 94 S. Ct. 2053 (1974); *Hutchinson v. United States*, 677 F.2d 1322, 1326-27 [50 AFTR 2d 82- 5117] (9th Cir. 1982). Thus, to the extent that Plaintiff's complaint requests declaratory relief with respect to federal taxes, it is barred by exception in the Declaratory Judgment Act.

*Id*.

The analyses in *Pilchesky* and *Kleinpaste* are persuasive and compelling, as are the other authorities cited by the United States in its brief. This Court concludes that the United States has not waived its sovereign immunity and that Shaults' efforts to obtain injunctive and/or declaratory relief are also barred. Therefore, this Court lacks subject-matter jurisdiction over this case. The Court need not resolve the United States' contentions regarding the alleged failure to state a claim.

In accordance with the foregoing, THE UNITED STATES' MOTION TO DISMISS (Document No. 5) for lack of subject-matter jurisdiction will be **GRANTED**. Leave to amend the complaint would be futile and this case will be **DISMISSED WITH PREJUDICE**.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THOMAS BRADFORD SCHAULTS,**<br>Plaintiff,<br><br>v<br><br>**DAVID L. KUBIK**<br>*and* **FIDELITY BANK,**<br>Defendants. | )<br>)<br>)<br>) 2:11-cv-1340<br>)<br>)<br>)<br>)<br>)<br>) |

### ORDER OF COURT

AND NOW, this 2nd day of December 2011, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that THE UNITED STATES' MOTION TO DISMISS (Document No. 5) is **GRANTED** and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**. The clerk shall docket this case closed.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:   **THOMAS BRADFORD SCHAULTS**
1505 King Charles Drive
Pittsburgh, PA 15237
**via first class & certified mail**

**Brittney N. Campbell, Esquire**
Email: brittney.n.campbell@usdoj.gov